CASE No. 1088.

LEWIS v. BROWN.

1. Under Section 337 of the Code of Procedure, attorneys are entitled to have their costs and disbursements inserted in the entry of judgment—the *amount* of costs which they are entitled to receive, and of disbursements paid to officers for fees, being regulated by the subsequent act of 1880 (17 *Stat.* 296).

2. The theory of the law is that the fees of sheriffs and witnesses are disbursements paid by the prevailing party, but it is not error in the taxing officer to charge them in the bill of costs as due to those officers.

3. In the absence of any showing to the contrary, it must be assumed that witnesses were entitled to the fees allowed by the clerk in his taxation.

4. The production of a subpœna writ is not essential to entitle a witness to the taxation of his fees; and, *quere*, is it necessary for the witness to show that he has been subpœnaed?

5. The act of 1880 (17 *Stat.* 303), in its repeal of Section 330 of the code, also repealed the proviso, which was made a part of that section by the act of 1878 (16 *Stat.* 409), limiting costs to an amount not exceeding the recovery.

6. Even if the clerk erred in the ground taken to support his taxation, it cannot avail the appellant here.

7. *Semble:* Disbursements should be taxed under the fee bill which was of force at the time they were incurred. This case distinguished from *Kapp & Rothschild* v. *Loyns,* 13 *S. C.* 288.

---

Before Aldrich, J., Sumter, June, 1880.

Action by Kennedy Lewis against Robert Brown. The opinion states the case.

*Mr. Marion Moise,* for appellant.

*Mr. Jos. H. Earle,* contra.

September 27th, 1881.   The opinion of the court was delivered by

McIVER, A. J.   This action was commenced before a trial justice in August, 1875, and the plaintiff, having obtained judgment for only one dollar, appealed.   The case was heard in the Circuit Court at April Term, 1880, when a verdict was rendered in favor of the plaintiff for $66.66.

On the 25th May, 1880, application was made to the clerk to insert in the judgment " the following items of costs and disbursements, to wit:

" To plaintiff's attorney's costs................................. $17 00
" To sheriff's costs.............................................   41 65
" To witnesses' fees........................................... 160 00 "

The application was granted by the clerk, to which the defendant excepted on the following grounds:

1. Because there is no statute giving any costs to the plaintiff's attorney.

2. Because the sheriff's bill of costs was not itemized.

3. Because the sheriff has no right to tax any costs at all against the defendant, but must look to the plaintiff, who employed him, for his fees.

4. Because no costs could be taxed for the witnesses, as they must be paid by the party who summons them.

5. Because no costs could be taxed for the witnesses without producing the subpœna writs under which the witnesses were summoned.

The 6th is substantially the same ground as the 5th.

7. Because the right to have costs taxed in favor of the plaintiff, either for witness fees, or for the fees of officers of court, has been taken away by statute.

8. Because, in no event, can the plaintiff recover more costs than the amount of the verdict or recovery.

9. Because " the clerk decided that appeals from trial justices'

judgments rested upon different grounds from those cases brought originally in the Common Pleas, and, that in the former class of cases, costs, to any amount, could be taxed."

The Circuit judge sustained the taxation of costs as made by the clerk, and from his judgment this appeal has been taken, upon the same grounds as were relied upon in the Circuit Court.

The code, Section 329, does repeal all statutes establishing or regulating the costs or fees of attorneys, and leaves the measure of their compensation to be determined by the agreement of the parties; but, at the same time, and, as a substitute for the attorneys' costs, or, as it is expressed in the code, "by way of indemnity" for his expenses in the action, the prevailing party is allowed certain sums of money, which allowances are termed in the code "costs." The idea seemed to be that the attorney should not be allowed any longer to tax his costs against the losing party, but that he must look to his client for compensation, and, as this would throw an additional expense upon the party, provision was made to indemnify him against such additional expense by certain allowances termed "costs."

The code next proceeds, in Sections 330 and 331, to provide when costs shall be allowed as of course, and, in Section 332, when they shall be allowed in the discretion of the court, and then, in Section 333, 334 and 335, establishes the amounts to be allowed. And, after providing in Section 336 for the interest which may accrue between the date of the verdict or report and the time when final judgment shall be entered, it provides in Section 337 that "The clerk shall insert in the entry of judgment, on the application of the prevailing party, * * * the sum of the allowances for costs, as provided by this code; the necessary disbursements, including the fees of officers allowed by law; the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees, and the expense of printing the papers for any hearing when required by a rule of the court. The disbursements shall be stated in detail and verified by affidavit. A copy of the items of the costs and disbursements shall be served with a notice of adjustment." The next section provides for the amount of the fees to which the clerk shall be entitled, and the next, for the

amount of the fees of referees, but no provision is made for the amount of the fees to which a sheriff or a witness shall be entitled, and they are, therefore, left to be regulated by the previous statutes upon this subject.

It will thus be seen that in Section 337, a distinction is recognized between the sums allowed to the prevailing party, by way of indemnity for his expenses, which allowances are termed " costs," and which were designed as a substitute for the costs formerly allowed to the attorneys, and the " necessary disbursements " made by the prevailing party in paying the fees of officers and witnesses; for that section provides that the clerk shall insert in the judgment, not only the sum of the allowances for costs, as provided by this code, which, as we have seen, was designed as a substitute for attorneys' costs, but, also, " the necessary disbursements, *including the fees of officers allowed by law, the fees of witnesses*," &c.

The act of 22d March, 1878, 16 *Stat.* 624, while not referring in express terms to the provision of the code abolishing attorneys' costs, does, by implication at least, restore the right of attorneys to charge costs, for it declares the amount of the costs which attorneys, as well as the other officers therein named, " shall be authorized to receive," and concludes with a general clause repealing all acts and parts of acts inconsistent with its provisions. While the law stood thus, it might have been a very serious question whether the prevailing party was not entitled to the costs allowed him by the code, and his attorney to the costs allowed him by act of 1878, for, while so much of Section 329 of the code as repealed the statutes establishing and regulating the costs of attorneys, was manifestly inconsistent with, and therefore repealed by, the act of 1878, yet there was no necessary inconsistency between the remainder of Section 329, and Sections 330, 331, 332, 333, 334 and 335, providing for costs to the prevailing *party*, and the act of 1878, providing for costs to the attorney.

Next, however, came the act of 20th February, 1880, 17 *Stat.* 296, amending the foregoing act as to the amount of fees to which the several officers therein mentioned shall be entitled, and expressly repealing Sections 329, 330, 331, 332, 333, 334

and 335 of the code, which abolished the right to attorneys' costs, and regulated the amount of the allowances, termed costs, to which the prevailing party should be entitled; but it does not repeal Section 337 of the code, by which the prevailing party was not only entitled to have inserted in the judgment the sum of allowances, termed costs, but also his necessary disbursements, including the fees of officers and witnesses, as fixed by law.

It seems to us, therefore, that these acts do not deprive the prevailing party of the right originally secured to him by the code, of requiring the clerk to insert in the judgment his necessary disbursements, including therein the fees of officers (amongst whom now are the attorneys) and witnesses, as fixed by law, and that the only effect of these acts is to deprive the *party* of the amount previously allowed as costs, and give to his attorney the costs allowed by these acts, and to fix the *amounts* of the costs and fees of the officers therein named, and witnesses. We think, therefore, that the appellant's first ground cannot be sustained.

The second ground seems to have been taken under a misapprehension of the facts, as it is stated in a note to the "case" that the sheriff's bill of costs was itemized.

The third and fourth grounds may be considered together. It is quite true, that the theory of the law is that the fees of officers and witnesses are to be paid by the party who calls their services into requisition, but in itemizing the bill of disbursements to be inserted in the judgment, we do not see how the fact that these items are set down as sheriffs' or witnesses' fees, instead of being stated as cash paid sheriff or witnesses for their fees, can make any practical difference. The prevailing party is entitled to have the amount of such fees taxed, and if, as set down in the bill, they appear to be due to these officers and witnesses, rather than to the prevailing party, we do not see how the other party can be prejudiced thereby. These grounds cannot be sustained.

The fifth and sixth grounds depend upon the decision of questions of fact, upon which the finding below is conclusive, unless manifest error is shown. In the absence of any showing to the contrary, we would, of course, take it for granted that the clerk had satisfactory evidence before him that the witnesses had been

subpœnaed, and had attended court in obedience to such mandate. The production of the subpœna writ was not essential, as it may have been lost, and, if so, secondary evidence would have been competent and sufficient. Indeed, we are not prepared to say that it is necessary that a witness, who has attended court, should be able to show that he has been duly subpœnaed, in order to entitle him to charge the fees allowed by law; for if he attends voluntarily, we do not see why he should not be just as much entitled to his fees as if he had been compelled to attend.

The seventh ground has already been disposed of, inasmuch as we have seen that there is no statute which deprives the prevailing party of his right to require the clerk to insert in the judgment, the amount of costs now allowed attorneys, as well as the fees of the other officers of court, and of the witnesses, as a part of his necessary disbursements.

The eighth ground cannot be sustained. The act of 4th March, 1878, 16 *Stat.* 409, did amend Section 330 of the code, by inserting in it a proviso: "That in no case shall the plaintiff be allowed costs to an amount exceeding the amount of his verdict or recovery," but this section has been repealed by the act of 20th February, 1880, 17 *Stat.* 333, and the proviso, which had become a part of it, must also be regarded as repealed.

The ninth ground raises a question which does not seem to have been considered in the Circuit Court, and as we are merely called upon to correct the errors of *that* court, it is a matter of very little consequence what view the clerk took; for as it is quite certain that the Circuit judge did not commit the error assigned in that ground, it cannot avail the appellant here, even if sustainable at all. But under the view which we have taken of the case, it is not a practical question whether the clerk was right or wrong on this point.

It will be observed that we have confined ourselves to the questions raised by the exceptions, and have not undertaken to consider a question discussed in the argument—whether the sheriff should be allowed the fees, as fixed by law at the time the services were rendered, or as fixed at the time the case was heard and the verdict rendered—because no such question is presented by any of the exceptions. We may say, however, that while

the case of *Kapp & Rothschild* v. *Loyns*, 13 *S. C.* 288, does establish the proposition that "costs," under the code, are governed by the fee bill of force at the time of the verdict, and not at the time of the taxation, it does not touch the question presented in the argument here. For, as we have seen, there is a distinction between the costs allowed by the code to the prevailing party and "disbursements." The latter are presumed to have been made at the time the services were performed, and, therefore, should be taxed under the laws fixing their amount at that date, as the object is simply to re-imburse the prevailing party for the outlay, while the former were in the nature of damages, and " the rule of the statute prevailing at the time of the recovery of the verdict would be the proper measure of such damages as are ascertained by the court as matter of law, and included in the judgment." *Kapp* v. *Loyns, supra.*

The judgment of this court is that the judgment of the Circuit Court be affirmed.

Simpson, C. J., and McGowan, A. J., concurred.